CITY OF AKRON v. GRAY.

(No. 79-TRD-12506—Decided September 14, 1979.)

Akron Municipal Court.

*Mr. A. Bruce Lane,* for plaintiff.
*Mr. Joseph S. Kodish,* for defendant.

GEORGE, J. This matter came on for hearing on August 23, 1979, and concerns the use and operation of a radar unit, known as the K-55, manufactured by Miles Per Hour, Industries. The defendant was cited for operating his vehicle at 48 MPH in a 35 MPH zone based on a K-55 radar reading. The defendant claims that while this unit may be basically reliable, its accuracy must be independently determined in each case. The prosecution contends that the K-55 unit, when properly calibrated and in working order, and when operated by a trained officer, is a reliable device for measuring speed.

One expert was called by each side to testify as to the scientific reliability of radar devices in general. Further, at the request of both counsel, the court personally observed the field operation of the K-55 unit. Numerous experiments were conducted. Several involved stationary objects that appeared to be moving from the indication on the visual monitor. This phenomenon does not defeat the effectiveness of the K-55 for measuring the speed of vehicles. A qualified operator, following the procedure required by this court which is set out below, would not issue a citation in such cases.

Radar devices, such as the one involved in the instant case, operate on a scientific principle known as the "Doppler effect." The speed of a vehicle is measured by the emission of a signal of a known frequency, which, in turn is reflected from the vehicle being measured, with the difference in frequency (caused by the movement of the measured vehicle) being calibrated into a velocity reading. The validity and accuracy of this scientific principle is a proper subject for judicial notice. *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298.

The reliability of the MR-7 radar device which utilizes the Doppler effect has been accorded judicial recognition. *State* v. *Shelt* (1976), 46 Ohio App. 2d 115. The court finds that the MR-7 and the K-55 operate substantially the same. The K-55 unit is found to be a scientifically reliable device for measuring the speed of a vehicle. See *State* v. *McCoy,* unreported, Case No. 78 TRD 6752, New Philadelphia Municipal Court, January 11, 1979, which agrees with this finding.

Having accorded judicial notice to the accuracy and reliability of the K-55 unit in measuring what it purports to measure, this court must still consider: (1) Whether the unit was in good operating condition at the time of the instant use; (2) whether the operator of the unit was properly qualified, and; (3) whether the operator properly read the unit.

From evidence presented there is no question but that the machine had been properly calibrated by the use of the tuning fork certified for its calibration, and by the use of its internal calibration device. Evidence of any malfunction was neither presented nor noted.

The officer issuing the citation in the instant case had received one training session, consisting of one 8-hour shift with a certified K-55 operator; had read the manufacturer's manual; and had operated this particular type machine for a period of eight months. The court finds that the officer was properly qualified to operate the K-55 unit.

Finally, the court must consider whether the use on this occasion was proper. The essential elements of a reliable radar reading have not previously been specifically enumerated, but are now set forth.

In order to sustain a citation for a radar speed violation the following elements must concur in point of time: (1) The officer must visually identify a speed violation; (2) the

monitor must indicate a violation, and; (3) the audio must indicate that the target vehicle is the violator.

If the visual identification, monitor reading, and audio all correspond to confirm that the violator was the target vehicle and it is established that the target vehicle was driven by the defendant, the officer has validly cited the driver of the target vehicle for a speed violation. The absence of any of the above elements defeats the validity of the citation. If all of those elements are met, any possibility of misreading is eliminated.

In this particular case, all elements were present and the officer properly cited the defendant. The evidence clearly shows beyond a reasonable doubt that the defendant operated his vehicle at 48 MPH in a 35 MPH zone.

Given the traffic conditions, presence of pedestrians, and damp weather conditions, the court finds that this speed was unreasonable and, therefore, finds the defendant guilty of speeding.

*Defendant guilty.*