### Mentor v. Becka
### Case No. 88-L-13-146
### Lake County, (11th)
### Decided January 12, 1990
[Cite as 1 AOA 430]

*Atty. Gerald R. Walker, Prosecutor, 272 E. 326th Street, 8500 Civic Center Road, Mentor, Ohio 44060, for Plaintiff-Appellee.*

*Michael S. Becka, Pro Se, 272E. 326th Street, Willowick, Ohio 44094, for Defendant-Appellant.*

MAHONEY, J.

This is an accelerated calendar case.

Appellant, Michael S. Becka, was traveling eastbound on Mentor Avenue on March 26, 1988, at approximately 9:05 a.m. when he was stopped for speeding by Patrolman Glavan of the Mentor Police Department. Appellant was cited for traveling 52 m.p.h. in a 35 m.p.h. zone in violation of Mentor Ordinance Section 73.01. The Decator 4 moving radar device was used to clock appellant's speed.

On June 13, 1988, the Mentor Municipal Court convicted appellant of speeding and fined him $25 plus costs, and the trial court's judgment entry was filed on July 11, 1988. On the latter date, appellant timely filed a notice of appeal, setting forth the following assignments of error:

"I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPEL-LANT IN OVERRULING HIS MOTION FOR A DIRECTED VERDICT MADE AT THE CLOSE OF PLAINTIFF-APPELLEE'S CASE.
"II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPEL-LANT IN FINDING AGAINST DEFENDANT ABSENT PROOF BEYOND A REASONABLE DOUBT."

In his first assignment of error appellant argues that the court should have granted his motion for a directed verdict since plaintiff-appellee failed to introduce expert testimony that the Decator 4 radar device was capable of differentiating between the speed of appellant's auto and that of the patrolman's auto.

In *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298, the Supreme Court held that expert testimony was not necessary in cases involving stationary radar devices. However, this rule does not apply to cases involving moving radar devices. Expert testimony or judicial notice of the construction and accuracy of moving radar devices is required to sustain a conviction based on a reading from such device. In *State* v. *Wilcox* (1974), 40 Ohio App. 2d 380, at paragraph two of the syllabus, the court held:

"A person may not be convicted of speeding solely upon evidence obtained from a radar speed-meter device mounted in a moving patrol car in the absence of (1) expert testimony with respect to construction of the device and its method of operation with respect to its ability to differentiate the speed of a vehicle approaching the moving patrol car from the opposite direction from the combined speed at which the two vehicles are moving toward each other, and (2) evidence that the device is in good condition for accurate work and (3) evidence that the witness using the device is one qualified for its use by training and experience."

Following the *Wilcox* rule, the court in *State* v. *Freeman* (1985), 24 Ohio Misc. 2d 7, at syllabus two, held that:

"Judicial notice of the accuracy or dependability of a K-55 radar device may not be taken when the trial court has never in any case previously before is received expert evidence and determined that the device is dependable and accurate, and such issue has not been passed upon by the appellate court."

Furthermore,

"Where there is no testimony as to the construction and method of operation of a

speed measuring device not the subject of judicial notice, the testimony of the user, standing alone, is insufficient to sustain a conviction for speeding." *State* v. *Colby* (1984) 14 Ohio App. 3d 291. In accord *Kirtland Hills* v. *Logan* (1984), 21 Ohio App. 3d 67; *State* v. *Doles* (1980), 70 Ohio App. 2d 35.

In the case *sub judice*, no expert testimony was offered by the appellee as to the reliability of the Decator 4 moving radar device, and there is no evidence in the record or case law that the Decator 4 device has been subject to proper judicial notice by the trial court by the Eleventh District Court of Appeals. Moreover, the transcript clearly demonstrates the lower court's erroneous application of the law in moving radar cases:

"* * *

"MR. BECKA: Your Honor, the burden of proof lies on the prosecutor, to have an expert witness here.
"THE WITNESS: (*Sic*) No, see the thing is, is that the reliability of radar has been established by the State of Ohio.
"MR. BECKA: But not moving radar.
THE COURT: Oh yes, *moving radar has been proven reliable, established by the State of Ohio through rules and regulations down at the State level, that it's reliable equipment. They are the ones that authorized equipment, none of this equipment gets put in unless it's been authorized by the State of Ohio.* Therefore, it has been tested by them, and it has been found to be reliable so therefore --
"MR. BECKA: But Your Honor --
"THE COURT: The fact that it has been calibrated and everything, that's all that is necessary to defeat. That burden then shifts, and becomes something that you have to do, something about --
"MR. BECKA: Your Honor, in Ohio versus Friedman (*sic*), the 11th District Court reversed a previous speeding conviction because there was an absence of expert testimony, that the particular radar unit was in fact reliable.
"THE COURT: That's true, the 11th District is liable to do lots of things, but occasionally, they (*sic*) 11th District gets overruled. * * * *All we have to know is if the equipment was approved by the State of*

*Ohio, that it's been reliable, and the officer had the training necessary to operate the equipment.* As long as he has the training, as long as he does the calibration to determine whether the equipment is supposedly working properly at the time, that's all he has to do, he doesn't have to know why, he doesn't have to know anything. All he has to know is the way to do it." (Emphasis added.)
"* * *"

The trial court's interpretation of the applicable law in moving radar cases is clearly erroneous. As the cases cited *infra* show, a conviction based on a moving radar reading must be supported by expert testimony before judicial notice of the particular moving radar device may be taken. No such testimony was offered or received by the trial court on the Decator 4 device nor was there proper judicial notice taken of the accuracy of such device. Appellee clearly failed to meet its burden of proof and thus appellant was entitled to a directed verdict.

Appellant's first assignment of error has merit.

In his second assignment of error appellant argues that his conviction was improper stating that his testimony and photographs concerning the existence of electrical transmissions wires at the location of the radar reading cast reasonable doubt on the accuracy of the reading.

In *State* v. *Freeman*, supra, the court held that the reliability of radar devices may be properly attacked by qualified expert witnesses whose testimony would then go to the weight of the evidence. *Id.* at 8.

Although appellant gave his opinion as to the effect of electrical transmission lines on moving radar devices, he did not qualify as an expert and offered no other expert testimony in this regard.

Moreover, the photographs were never admitted into evidence and thus are not a part of the record.

Appellant's second assignment of error is without merit.

For the reasons stated herein, appellant's first assignment of error is sustained and his second assignment of error is overruled. Therefore, the judgment of the trial court is reversed and judgment is entered in favor of the appellant [defendant].

CHRISTLEY, P. J., FORD, J., Concur.