THE STATE OF OHIO, APPELLEE, *v.* DOLES, APPELLANT.

(No. 80AP-144—Decided September 4, 1980.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Richard E. Quinby,* for appellee.

*Mr. Richard T. Bennett,* for appellant.

STRAUSBAUGH, P. J.   This is an appeal from a decision of the Juvenile Division of the Court of Common Pleas of Franklin County, finding the defendant guilty of speeding.

On October 28, 1979, defendant was observed driving an automobile southbound on U. S. Route 33 by State Highway Patrol Trooper Stanley C. Vince. In the proceedings before a referee of the Court of Common Pleas, Juvenile Division, the state patrolman testified that he "clocked" the defendant's automobile with a model K-55 moving radar unit while traveling in the opposite direction on the same highway. After the state patrolman's testimony, as well as at the close of the state's presentation of evidence, defendant moved for a dismissal on the grounds that the evidence presented by the state was insufficient to sustain a conviction for speeding. The referee overruled both of defendant's motions and found defendant guilty of speeding.

Defendant timely asserted his objections to the report of

the referee and further argued, at a hearing before the Court of Common Pleas, that the state's evidence was insufficient to sustain a conviction for speeding as there was no expert testimony as to the construction of the K-55 moving radar device and its method of operation. In its decision finding the defendant guilty of speeding, the trial court judicially noted that the K-55 radar unit is a scientifically reliable device for measuring the speed of a vehicle.

Defendant has appealed his conviction to this court, asserting the following assignments of error:

"1. Where there is no testimony as to the construction and method of operation of a moving radar unit, sole evidence of a vehicle speed measured from the moving radar unit is insufficient to sustain a conviction for speeding.

"2. Where there is no testimony as to the proper calibration of a speed measuring device, the sole evidence of speed measured by the device is insufficient to sustain a conviction for speeding."

The principles that are applicable to the *admission* of data from a radar device were established in *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298.

In *East Cleveland, supra,* at page 301, the Ohio Supreme Court established the following fundamental principles to be applied when data from a radar device is to be *admitted* as evidence, quoting from Professor Wigmore, The Science of Judicial Proof (3 Ed. 1937, at page 450):

" 'A. The type of apparatus purporting to be constructed on scientific principles must be accepted as dependable for the proposed purpose by the profession concerned in that branch of science or its related art. This can be evidenced by qualified expert testimony; or, if notorious, it will be judicially noticed by the judge without evidence.

" 'B. The particular apparatus used by the witness must be one constructed according to an accepted type and must be in good condition for accurate work. This may be evidenced by a qualified expert.

" 'C. The witness using the apparatus as the source of his testimony must be one qualified for its use by training and experience.' " (Emphasis deleted.)

In applying the above standards, this court, in *State* v. *Wilcox* (1974), 40 Ohio App. 2d 380, 384, held that " * * * a

defendant may not be convicted of speeding solely upon evidence obtained from a radar speed meter device mounted in a moving patrol car in the absence of expert testimony with respect to the construction of the device and its method of operation with respect to its ability to differentiate the speed of a vehicle approaching the moving patrol car from the opposite direction from the combined speed at which they are moving toward each other." Such evidence goes toward establishing the dependability of a radar speed meter device mounted in a moving patrol car.

This court reaffirmed *Wilcox* in a later case by overturning a conviction of speeding where the defendant was "clocked" by a police officer using a hand-held radar device known as a "Custom Signals HR-12." This court held, in the case of *Gahanna* v. *Carson* (Franklin Co. Ct. of Appeals No. 79AP-315, September 20, 1979), unreported, that " * * * where there is no testimony as to the construction and method of operation of a speed measuring device *not the subject of judicial notice,* the testimony of the user that he operated the device as instructed is *insufficient* to sustain a conviction for speeding. * * * " (Emphasis added.)

There is no indication in the record of this case of any expert testimony with respect to the construction and method of operation of the K-55 moving radar device. In his testimony, which was the only evidence presented by the prosecution, the state patrolman admitted that he was not an expert and that he could not testify as to the construction and method of operation of his K-55 radar unit.

In its decision finding the defendant guilty of speeding, the trial court took judicial notice that the K-55 radar unit is a scientifically reliable device for measuring the speed of a vehicle. In support of his first assignment of error, defendant contends that the trial court had no basis for taking any judicial notice concerning the K-55 radar unit and that, in the absence of expert testimony on the construction and method of operation of the K-55 radar unit, the defendant's conviction for speeding is improper.

" * * * In order for judicial notice to be taken, the fact must be one of common knowledge throughout the jurisdiction of the court. *Strain* v. *Isaacs* (1938), 59 Ohio App. 495. * * * " *Bunco, Inc.,* v. *Liquor Control Comm.* (Franklin Co. Ct. of Ap-

peals No. 79AP-897, March 18, 1980), unreported. In *Wilcox,* this court expressed uncertainty in the dependability of the use of a radar speed-detecting device mounted in a moving patrol car. In the absence of expert testimony with respect to the construction of the K-55 radar unit and its method of operation with respect to its ability to differentiate the speed of a vehicle approaching the moving patrol car from the opposite direction from the combined speed at which they are moving toward each other in any case within the jurisdiction of the trial court, it was improper for the trial court to take judicial notice of the dependability of the K-55 radar unit. There do not appear to be any reported cases from this jurisdiction, nor unreported cases from this court, with sufficient expert testimony to make the dependability of a mobile radar speed-detecting unit any more certain since the *Wilcox* decision. As a result, the dependability of the K-55 radar unit is not of common knowledge within this jurisdiction and cannot be the subject of judicial notice.

While other courts have taken judicial notice of the dependability of moving radar units, *State* v. *Shelt* (1976), 46 Ohio App. 2d 115, and *Akron* v. *Gray* (1979), 60 Ohio Misc. 68, an examination of those cases indicates that the prosecution presented significant expert testimony before the trial court in both cases to establish the construction and method of operation of the mobile radar units. The language in those opinions indicates that judicial notice of the fact that the mobile radar units in question are dependable for their proposed purpose was established for future cases within those jurisdictions. The fact that other jurisdictions have taken judicial notice of the dependability of mobile radar units for future cases within those respective jurisdictions is only persuasive evidence in this jurisdiction. Those decisions cannot serve as a proper basis for judicial notice in this jurisdiction.

Because the judicial notice taken by the trial court of the dependability of the K-55 radar unit was improper, the conviction of the defendant is not supported by sufficient evidence, *i.e.,* there was an absence of expert testimony with respect to the construction and method of operation of the K-55 radar unit. Therefore, defendant's first assignment of error is well taken and sustained.

The defendant's second assignment of error concerns the

testimony of the state patrolman that the particular radar device used was "an accept[able] type," and was "in good condition for accurate work." *East Cleveland, supra,* at 301.

The state patrolman's testimony, as to the accuracy of the K-55 radar unit, consisted of the following:

"Q. How do you do that? How do you check the calibration?

"A. Well, it uses two tuning forks for the K-55, and once you install the radar into your dash and plug it then into a cigarette lighter or a lighter type opening—we have those mounted on our radio consoles—we then use—put the radar, turn the radar on naturally. Then we flip a button that's called an internal calibration of the * * * or of the radar itself indicating a reading both in the patrol car speed box and a violator box of 32 miles per hour. Then there is a light test we run indicating 88 in the patrol car speed box, and 188 in the violator's box. We then, taking the tuning forks, striking them together they admit [*sic*] a frequency holding them in front of the transmitter of the radar of 35 in the patrol car speed box, and 45 in the violator box. Then using the—putting the radar in a stationary mode, we use the tuning fork separately. One would indicate a speed of 35 in the violator's box, the other a speed of 80 in the violator's box. We then know, know that the radar is calibrated and ready for, for use."

The testimony of the state patrolman would have been sufficient to establish that the K-55 radar unit was in good condition for accurate work had the proper basis for judicial notice of the dependability of the mobile radar unit been established in this jurisdiction by evidence describing the construction and method of operation of the model K-55 mobile radar unit. Thus, we find that the testimony of the state pratolman concerning the use of the internal calibration, as well as the use of the tuning forks supplied by the manufacturer, would have indicated that the radar unit was functioning properly on the date of the arrest if the dependability of the radar unit had also been established. Cf. *Shelt, supra,* at 118-119.

In *East Cleveland, supra,* at 303, the accuracy of the radar unit was established by testimony that a city electrician calibrated the radar unit against a standard from the United States Bureau of Standards and testimony that the unit was checked " * * * by driving a police car through the beam and

comparing the meter-registered speed with actual speedometer readings * * * ." While such evidence is effective in demonstrating the accuracy of the radar unit in question, it does not preclude the introduction of other evidence which also establishes the accuracy and working condition of the radar unit. Once the dependability of the radar unit is established, its accuracy may be shown by testimony indicating that the unit has been properly calibrated according to the manufacturer's instructions. This testimony need not come in the form of expert testimony, but may come from the testimony of the officer who calibrated the radar unit prior to its use resulting in the arrest in question. Therefore, defendant's second assignment of error is not well taken and is overruled.

Accordingly, for the foregoing reasons, the judgment is reversed; and, the cause is remanded to the trial court for further proceedings consistent with law and in accordance with this decision.

*Judgment reversed and*
*cause remanded.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.