THE STATE OF OHIO, APPELLEE, *v.* COLBY, APPELLANT.

(No. 2-83-7—Decided February 17, 1984.)

*Mr. Frederick Pepple,* prosecuting attorney, for appellee.

*Messrs. Kemp & Huber* and *Mr. William E. Huber,* for appellant.

GUERNSEY, J. This is an appeal by defendant Teddie A. Colby from a judgment of the Auglaize County Municipal Court convicting and sentencing him on a complaint of driving a motor vehicle at a speed of sixty-five miles per hour in a fifty-five mile per hour zone in violation of R.C. 4511.21(D). The conviction rests entirely on testimony of a state trooper as to his operating and obtaining a reading of sixty-five miles per hour on a "K-55" radar device and upon the trial court's taking judicial notice of the "accuracy of the K-55 radar."

The defendant assigns error of the trial court (1) in that the state failed to prove beyond a reasonable doubt that the radar unit was in proper working order or that the trooper was properly operating same, and (2) in taking judicial notice of the accuracy of the K-55 radar. We will consider these assignments of error in reverse order.

The record before us discloses that there was no expert testimony offered to or received by the trial court on the dependability or accuracy of the K-55 radar device. There is nothing in the record to show that the trial court has ever, in any case previously before it, received expert evidence on and determined that the device is dependable and accurate, and nothing in the record to show any such determinations by any court of jurisdiction constituting authoritative and binding precedent upon the trial court. As we have previously determined in a case involving an identical situation in the Auglaize County Municipal Court judicial notice of the accuracy or dependability of the K-55 radar device may not be taken in such circumstances. *State* v. *Wilson*

292

(May 6, 1982), Auglaize App. No. 2-81-24, unreported; see, also, *State v. Doles* (1980), 70 Ohio App. 2d 35 [24 O.O.3d 25]. Accordingly, we find the second assignment of error well-taken and the error found prejudicial to the defendant, appellant herein.

In that there was no expert evidence, or even non-expert evidence, before the trial court or proper judicial notice to be taken by the trial court, of the construction and method of operation of the radar device, it could not properly be determined from the testimony of the trooper either that the device was in proper working order or that he was properly operating same. The first assignment of error is also well-taken and the error found prejudicial to the defendant. See, also, *State v. Doles, id.,* paragraph two of the syllabus.

Accordingly, for want of proof of guilt beyond a reasonable doubt the judgment must be reversed and the defendant discharged.

*Judgment reversed.*

MILLER, P.J., and COLE, J., concur.