VILLAGE OF KIRTLAND HILLS, APPELLEE, *v.* LOGAN, APPELLANT.

(No. 9-284—Decided December 3, 1984.)

*Richard L. Collins,* for appellee.
*Frank J. Cimino,* for appellant.

FORD, J. This is an appeal from appellant's conviction for the offense of speeding. Appellant was fined $50 plus costs.

Appellant, Bruce Logan, was stopped on December 17, 1983, at approximately 7:43 p.m. The arresting officer was travelling eastbound on State Route 615. Appellant was travelling westbound. Road conditions at that time were moderate.

At trial, the officer testified as to his qualifications, and then stated his opinion as to the speed of appellant's vehicle at the time. He testified that in his opinion appellant was travelling in excess of fifty m.p.h. in a forty m.p.h. zone. Specifically, he opined:

"Q. The court: And how fast did you think he was going?

"A. I estimated in excess of 58."

The officer also stated that the KR-10 moving radar unit, with which he clocked appellant at sixty-two m.p.h., was calibrated and in proper working order. However, there was no testimony at the trial concerning the technical theory of operation of the KR-10 device, nor was there any testimony as to its scientific accuracy and reliability. Appellant interjected a timely objection to the admission of the radar testimony.

Appellant has timely appealed and presents a singular assignment of error:

"The municipal court erred to the prejudice of the appellant in denying appellant's motion at the close of the appellee's case, to dismiss the case and exclude the testimony of the officer regarding the speed of the defendant's vehicle as established by the radar unit, in light of the fact that there was no expert testimony with respect to the construction and ability of the KR-10 radar unit to differentiate the speed of a moving patrol car from the opposite direction from the combined speed at which the two vehicles were moving toward each other."

Appellant does not challenge the general use of radar units or the scientific principles on which radar is based. He argues only that this particular radar unit, the KR-10, cannot yet be given judicial notice, eliminating the required expert testimony as to its technical theory of operation and its scientific reliability.

The Ohio Supreme Court has held that expert testimony is no longer necessary in cases involving stationary radar units. *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298 [7 O.O.2d 6]. However, judicial notice of moving radar has not yet been established:

"A person may not be convicted of speeding solely upon evidence obtained from a radar speed-meter device mounted in a moving patrol car in the absence of (1) expert testimony with respect to construction of the device and its method of operation with respect to its ability to differentiate the speed of a vehicle approaching the moving patrol car from the opposite direction from the combined speed at which the two vehicles are moving toward each other, and (2) evidence that the device is in good condition for accurate work and (3) evidence that the witness using the device is one qualified for its use by training and experience." *State* v. *Wilcox* (1974), 40 Ohio App. 2d 380 [69 O.O.2d 384], paragraph two of the syllabus.

Applying these guidelines, the moving radar device MR-7 has been given judicial notice by at least one appellate court. *State* v. *Shelt* (1976), 46 Ohio App. 2d 115 [75 O.O.2d 103]. However, this notice does not automatically extend to all models of moving radar. *State* v. *Doles* (1980), 70 Ohio App. 2d 35 [24 O.O.3d 25]; *State* v. *Wilson* (May 6, 1982), Auglaize App. No. 2-81-24, unreported.

"* * * [W]here there is no testimony as to the construction and method of operation of such a speed measuring device *not the subject of judicial notice,* the testimony of the user that he operated the device as instructed is insufficient to sustain a conviction for speeding." (Emphasis *sic.*) *Wilson, supra,* at page 3.

*Wilson* and *Doles* involved the refusal to extend judicial notice to the K-55 radar unit. The rationale is applicable to the KR-10 unit involved in the present case. The technical operation of the device does not comply with Evid. R. 201(B):

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned."

However, the record manifests competent, credible evidence to support appellant's conviction even if the radar device readout is excluded. The arresting officer testified that, based on his knowledge and expertise, in his opinion, appellant was travelling in excess of fifty m.p.h. in a forty m.p.h. zone. Appellant testified in his defense that he was coming out of a curve and could not have been driving at such a high rate of speed. The credibility of these witnesses and the weight afforded each element of evidence is the responsibility of the trier of fact. *Curtis* v. *State* (1925), 113 Ohio St. 187. A reviewing court must, thus, defer to the judgment of trial court. *State* v. *Ware* (1977), 53 Ohio App. 2d 210 [7 O.O.3d 280]. Under the circumstances of this case, the exercise in judicial notice by the trial court with respect to the KR-10 radar unit as to its evidential competence was harmless error. None of appellant's substantial rights was affected or prejudiced by any judicial notice extended to the KR-10 radar device. Crim. R. 52(A). After reviewing all other evidence presented, we conclude that it was sufficient to sustain a conviction as any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson* v. *Virginia* (1979), 443 U.S. 307.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., concurs.

DAHLING, J., dissents.

DAHLING, J., dissenting. I agree with the majority that the testimony regarding the radar gadget should have been excluded. This leaves the trial

court with the officer's opinion of the appellant's speed.

Query: How do we know the trial court was convinced of appellant's guilt with the radar testimony excluded? We do not. For this reason, the case should have been reversed and remanded for a new trial.

I believe the rule is that where the testimony being excluded, at the appellate level, is of little significance and there is substantial other evidence of guilt, then, the judgment should be affirmed. However, where the testimony being excluded is of a substantial nature and the evidence remaining is very "iffy," then the judgment should be reversed and remanded.

I would reverse and remand.