VILLAGE OF MORELAND HILLS, APPELLEE, *v.* GAZDAK, APPELLANT.

(No. 54516—Decided June 27, 1988.)

*Robert L. Musser,* for appellee.
*James G. Dawson,* for appellant.

*Per Curiam.* Defendant-appellant, Matthew J. Gazdak, appeals from his conviction for the offense of speeding.

On May 17, 1987, the appellant was stopped and cited by patrol officer Janet Boehler, on State Route 91 in the village of Moreland Hills, for exceeding the posted speed limit. The appellant was allegedly traveling at the rate of sixty m.p.h. in a forty m.p.h. zone. The speed was determined solely by operation of a moving radar unit.

On August 24, 1987, the appellant was tried without a jury in the Bedford Municipal Court. The appellant was found guilty and fined $40 plus court costs.

Thereafter, the appellant timely brought this appeal.

I

The appellant's first assignment of error is that:

"The trial court committed error by taking judicial notice of the accuracy of an alleged speed measuring device in the absence of expert testimony with respect to the construction of the device, its method of operation and its reliability."

This court, in *Cleveland Heights* v. *Bartell* (Feb. 19, 1987), Cuyahoga App. No. 51719, unreported, held that:

"The Ohio Supreme Court, however, has determined that a court may take judicial notice of the technical theory of operation and scientific reliability of stationary radar units. This judicial notice mandates that expert testimony is no longer required in cases involving stationary radar units. *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298." *Id.* at 2.

In the case *sub judice,* however, the radar unit involved in the determination of the appellant's speed was a moving radar unit, the model S-80.

A review of Ohio case law reveals that judicial notice has been taken by other courts of the reliability of a particular model of moving radar where an expert has specifically testified as to the construction, operation, and accuracy of that model of moving radar. However, the taking of judicial notice by a foreign jurisdiction cannot serve as proper judicial notice in another jurisdiction:

"While other courts have taken judicial notice of the dependability of moving radar units, *State* v. *Shelt* (1976), 46 Ohio App. 2d 115, and *Akron* v. *Gray* (1979), 60 Ohio Misc. 68, an examination of those cases indicates that the prosecution presented significant expert testimony before the trial court in both cases to establish the construction and method of operation of the mobile radar units. The language in those opinions indicates that judicial notice of the fact that the mobile radar units in question are dependable for their proposed purpose was established for future cases within those jurisdictions. The fact that other jurisdictions have taken judicial notice of the dependability of mobile radar units for future cases within those respective jurisdictions is only persuasive evidence in this jurisdiction. Those decisions cannot serve as a proper basis for judicial notice in this jurisdiction." *State* v. *Doles* (1980), 70 Ohio App. 2d 35, 38, 24 O.O. 3d 25, 27, 433 N.E. 2d 1290, 1292.

In addition, the record herein fails to indicate that the trial court has ever received expert testimony concerning the construction, operation, and accuracy of the model S-80 moving radar unit. Although the record does reveal that the trial court has taken judicial notice of the model K-55 moving radar

unit *vis-a-vis* the village of Chagrin Falls in a 1981 case in the Bedford Municipal Court, No. 81TRD1757, unreported, that judicial notice cannot be automatically extended to other models of moving radar. *Kirtland Hills* v. *Logan* (1984), 21 Ohio App. 3d 67, 21 OBR 71, 486 N.E. 2d 231; *State* v. *Doles, supra.*

Therefore, the trial court herein erred in taking judicial notice of the construction, operation, and accuracy of the S-80 moving radar unit without the benefit of expert testimony before the trial court as to that specific model of moving radar.

Thus, the appellant's initial assignment of eror is well-taken.

## II

The appellant's second assignment of error is that:

"The verdict and judgment are against the manifest weight of the evidence presented and are contrary to law."

The weight of the evidence and the credibility of witnesses are primarily matters for consideration by the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212. This court will not reverse a verdict where there is substantial evidence upon which a trier of fact could reasonably conclude that all the elements of the offense have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132; *State* v. *Gaston* (Jan. 11, 1979), Cuyahoga App. No. 37846, unreported.

A review of the record reveals that the appellant's conviction was not supported by substantial credible evidence. As dealt with in the appellant's first assignment of error, the trial court erred in taking judicial notice of the operation and reliability of the S-80 moving radar unit, which in turn prevented the appellee from in-

troducing any evidence at trial with regard to the speed of the appellant as established through the speed reading of the moving radar unit.

Thus, no credible competent evidence was adduced at trial which established beyond a reasonable doubt the offense of speeding. Therefore, the appellant's second assignment of error is well-taken.

Judgment reversed and final judgment entered for the appellant.

*Judgment reversed.*

KRUPANSKY, P.J., MATIA and MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment.