OPINION
James R. Kirkland, ("Appellant"), appeals from a judgment of the Bellefontaine Municipal Court finding him guilty of speeding, in violation of R.C. 4511.21.
On July 13, 1997, Patrolman Todd Ruble, using a K-55 radar device, clocked Appellant traveling at a rate of seventy miles per hour down U.S. Route 33 in Washington Township. Appellant was subsequently ticketed for driving in excess of fifty-five miles an hour on an interstate freeway in violation of R.C. 4511.21(D)(1). The matter went to trial. The Bellefontaine Municipal Court found Appellant guilty of speeding and fined him $25 plus costs.
At trial, the State called the ticketing officer, Patrolman Ruble, to testify regarding Appellant's speeding violation. Patrolman Ruble stated that he was proceeding eastbound down U.S. Route 33 when he observed Appellant's vehicle approaching from the opposite direction at a speed which he estimated to exceed the fifty-five mile an hour posted speed limit. The patrolman turned his K-55 radar unit on Appellant's car and received a high pitched audible indicating the target car was traveling at an excessive speed. The radar unit indicated Appellant was traveling seventy miles an hour. Patrolman Ruble proceeded to pull Appellant over and ticket him for a R.C. 4511.21 violation.
Patrolman Ruble further testified at trial that he is certified to use the K-55 radar unit. On the day Appellant was cited, Patrolman Ruble stated that he had performed three tests, a light test, an internal calibration, and a tuning fork calibration, on the K-55 unit. These tests assured Patrolman Ruble that the K-55 was working properly and that the K-55's readout of Appellant's speed was accurate.
At the close of the State's case, Appellant made a motion for dismissal, arguing that the State had failed to present any evidence regarding the scientific reliability of the K-55 radar unit, had failed to demonstrate any evidence of Patrolman Ruble's certification to operate the radar unit, and had failed to demonstrate that the radar unit was operating properly. The trial court took judicial notice of the admissibility of the K-55 reading on the basis that the trial court had previously heard expert testimony on the operation and scientific basis of the K-55 radar unit in other trial settings. Furthermore, the trial court found that the State had presented sufficient evidence regarding Appellant's remaining claims and overruled the motion to dismiss. Appellant was subsequently found guilty of speeding in violation of R.C. 4511.21(D)(1) by the trial court.
Appellant appeals the trial court's decision, asserting three assignments of error:
I.
 The trial court improperly took judicial notice of the reliability of the K-55 radar detector when operating in the moving mode, based upon a lack of foundation as to the prior hearing of expert testimony on the reliability of the K-55 radar as required before judicial notice is proper.
Evid.R. 201(B) describes two types of facts subject to judicial notice: (1) facts generally known within the jurisdiction of the trial court and (2) facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
The Supreme Court of Ohio considered the question of courts taking judicial notice of radar devices in East Cleveland v.Ferell (1958), 168 Ohio St. 298. The case before the court inEast Cleveland involved a stationary radar device operating on "Doppler effect." The Ohio Supreme Court held that courts may take judicial notice of the technical theory of operation and scientific reliability of "pulse" type and "Doppler effect" radar devices, stating:
 [w]e are in accord with the trend of the most recent decisions that readings of a radar speed meter may be accepted in evidence, just as we accept photographs, X rays, electroencephalographs, speedometer readings, and the like, without the necessity of offering expert testimony as to the scientific principles underlying them.
Id. at 303.
Since this decision, appellate courts have distinguished between cases involving stationary radar devices like the one used in East Cleveland and cases involving moving radar devices, requiring judicial notice for particular models of moving radar be established first through expert testimony regarding each model's construction, operation, and accuracy. See Moreland Hills v.Gazdak (1988), 49 Ohio App.3d 22; Cincinnati v. Dowling
(1987), 36 Ohio App.3d 198, 200; State v. Doles (1980), 70 Ohio App.2d 35,38; State v. Shelt (1976), 46 Ohio App.2d 115;State v. Wilcox (1974), 40 Ohio App.2d 380, 384. Generally, these courts agree that while the Doppler principle is scientifically recognized, expert testimony would still be needed with respect to the construction and method of operation of a device which not only measures speed using the Doppler principle but also adjusts to compensate for the speed of the moving vehicle in which it is mounted. See Wilcox, supra. This court has previously decided that once a court has heard expert testimony regarding a moving radar device, that court then has a basis for taking judicial notice of the accuracy and dependability of that particular device in future cases within that jurisdiction. State v. Colby (1984),14 Ohio App.3d 291; See, also, Moreland Hills,49 Ohio App.3d at 22; Doles, 70 Ohio App.2d at 38; Wilcox,40 Ohio App. 2d at 384.
In the present case, the trial court took judicial notice of the K-55 radar device's reliability on the basis that the court had heard expert testimony regarding the construction and dependability of the unit in previous cases. While the trial court did not cite to the case wherein it heard the expert testimony, we find this unnecessary given our decision in State v.Daugherty (Sept. 17, 1997), Hancock App. No. 5-97-20, unreported. In Daugherty, we found that the scientific principles relating to the K-55 radar device were the proper subject of judicial notice since the trial court in that case had previously received expert testimony concerning the device and found it to be reliable. This court's recognition that the scientific principles associated with the K-55 are capable of ready and accurate determination by resort to sources whose accuracy cannot reasonably be questioned now serves as precedent for the courts within our jurisdiction to take judicial notice of the same. See Colby, 14 Ohio App.3d at 291. Additionally, we note that other courts in Ohio have similarly taken judicial notice of the reliability of moving radar devices, including the K-55 radar unit. See State v. Bechtel (1985),24 Ohio App.3d 72, 73; State v. Ayesh (1985), 24 Ohio App.3d 73, 74;Kettering v. Smith (Apr. 12, 1984), Montgomery App. No. CA-8383, unreported; State v. Kinker (Mar. 4, 1983), Huron App. No. H-82-24, unreported; Shelt, 46 Ohio App.2d at 115; Akron v.Gray(1979), 60 Ohio Misc. 68. Consequently, we find Appellant's assignment of error not well taken.
II.
 The trial court proceeded with insufficient foundation for the testimony of Patrolman Ruble as an expert witness on the scientific reliability and operation of the K-55 radar detector, resulting in failure to meet the standard of proof beyond a reasonable doubt.
Our determination of Appellant's first assignment of error recognized the trial court's ability to take judicial notice of the scientific reliability and operation of the K-55 radar unit. Therefore, it is unnecessary to consider Appellant's claim regarding Patrolman Ruble's foundation testimony on the issue. Appellant's second assignment of error is overruled.
III.
 Based upon the sole testimony of Patrolman Ruble, the prosecution failed to meet its burden of proof beyond a reasonable doubt when radar test results were not entered into evidence, no independent tracking by the Patrolman occurred, no certification of the officer was entered into evidence, no expert testimony on the reliability of K-55 radar was received, and no identification of the specific radar unit was entered.
Having accorded judicial recognition to the accuracy and reliability of the K-55 radar device in measuring what it purports to measure, the only issues left to be considered by the trial court regarding Appellant's speeding violation was whether the unit was in good condition for accurate work and whether the operator of the unit was qualified by training and experience to use it. East Cleveland, 168 Ohio St. at 303; Wilcox,40 Ohio App.2d at 386.
As to the first issue, Patrolman Ruble testified that he had performed three calibration tests on the K-55 radar device the day Appellant was cited for speeding and that he found the K-55 to be working properly. Expert testimony is not required to demonstrate that a particular radar unit is properly calibrated; rather, this can be accomplished through the testimony of the officer who calibrated the device prior to its use. Doles,70 Ohio App.2d at 39. Patrolman Ruble stated that the K-55 radar unit indicated Appellant was traveling at an excessive speed of seventy miles per hour. Regarding the second issue, Patrolman Ruble testified at trial that he had undergone basic police officer training and was certified to use the K-55 radar unit. Appellant offered no evidence at trial to contradict any of Patrolman Ruble's testimony. We note that the record contains a copy of Patrolman Ruble's Certificate of Completion and Competency in Doppler Radar Operation. As a result of the foregoing, we find the trial court had sufficient evidence before it to find Appellant guilty of speeding beyond a reasonable doubt. Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the Bellefontaine Municipal Court.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.