Defendant-Appellant, Philip J. Gardner ("Appellant"), appeals his citation and subsequent conviction for speeding, in violation of the City of Findlay Code of Ordinance Section333.03(B). For the following reasons, we affirm the judgment of the trial court.
The facts of the case are as follows. On or about 10:45 p.m. on January 20, 1998, Appellant was proceeding westbound on Tiffin Avenue, located in the City of Findlay, Ohio. Findlay Police Officer Daniel Branson was driving eastbound on Tiffin Avenue when he observed Appellant's vehicle coming in his direction. Officer Branson visually estimated that Appellant was traveling over the legally posted speed limit of thirty-five miles per hour. Officer Branson then activated his K-55 Doppler Radar device, which indicated that Appellant was traveling fifty-one miles per hour. Officer Branson conducted a traffic stop of Appellant's vehicle. Thereupon, Appellant was issued a citation for speeding.
Appellant now appeals, asserting three assignments of error.
Assignment of Error No. 1
 The court erred in relying on evidence of the radar test results.
Appellant asserts in his initial assignment of error that the radar test result should have been rendered inadmissible at trial. Specifically, Appellant contends there was insufficient evidence that: (1) the radar device was in proper working order; (2) the device was operated properly; and (3) the police officer was qualified to operate the device. For the following reasons, we disagree.
We first note that a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Evid.R. 201 (B). Once a court has heard expert testimony regarding a moving radar device, the court then has a basis for taking judicial notice of the accuracy and dependability of that particular device in future cases within that jurisdiction. State v. Colby (1984), 14 Ohio App.3d 291;State v. Kirkland (Mar. 2, 1998), Logan App. No. 8-97-22, unreported.
In the present case, the trial court had previously taken judicial notice of the accuracy and dependability of the scientific principles relating to the use of the K-55 radar device. We also note that this Court has held that the K-55 radar device is a proper subject of judicial notice.Kirkland, supra. For these reasons, the trial court acted properly in taking judicial notice of the accuracy and dependability of the K-55 radar device.
Having determined that the trial court's judicial recognition of the device's accuracy and dependability was proper, we must now determine whether the radar device was in proper working order and whether the police officer was qualified to operate the device. See East Cleveland v. Ferell (1958), 168 Ohio St. 298,303; Kirkland, supra. In the present case, Officer Branson testified that he had checked the radar device's calibration prior to commencing his shift, and had conducted an additional calibration check approximately twenty-seven minutes prior to stopping Appellant's vehicle. On both occasions the device appeared to be in good working condition.[1] Further, it is well established that expert testimony is not required to demonstrate that a particular radar unit is properly calibrated; rather, this can be accomplished through the testimony of the officer who calibrated the device prior to its use. State v. Doles (1980), 70 Ohio App.2d 35, 38. For these reasons, we find there was sufficient evidence that the radar device was in proper working condition.
We must now determine whether Officer Branson was qualified to operate the radar device. In 1985, Officer Branson received a certificate of training from the Ohio State Highway Patrol. The certificate indicates that Officer Branson has successfully completed a course in the technical and theoretical aspects of radar operation. Officer Branson has also participated in a training session designed to allow officers to visually estimate the speed of a moving vehicle. We also note that Officer Branson has fourteen years of experience in the field of law enforcement. For these reasons, we find that Officer Branson possesses the requisite skill and training necessary to operate the radar device properly. For the reasons aforementioned, we find that Appellant's claims lack merit.
Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The court erred in requiring the defendant-appellate [sic] to meet the burden of proof that the radar device was not operating properly.
Appellant asserts in his second assignment of error that the trial court erred in shifting the burden of proof to the defense. For the reasons that follow, we disagree.
It is axiomatic that the burden of proof in criminal cases rests on the state and may not be shifted to the defense.In re Winship (1970), 397 U.S. 358. R.C. 2901.05(A) provides in pertinent part:
 Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution.
Appellant maintains that the trial court's judgment entry of May 29, 1998, impliedly shifted the burden of proof to Appellant. The trial court's judgment entry states in pertinent part:
 The only issue raised by the Defendant in this matter concerning the proper working order of this radar unit was the frequency deviation * * *. This fact, in and of itself, does not require the acquittal of the Defendant. Without expert testimony, this Court is unable to determine whether this fact had any impact on the radar unit's accuracy.
The judgment entry further states:
 Given the overwhelming weight of the evidence in this matter, the Court finds this possible deviation to be unpersuasive. Based upon all the foregoing, the Court finds that the City of Findlay has established beyond a reasonable doubt that the Defendant * * * violated City Ordinance 333.03(B) by exceeding the posted speed limit of thirty-five miles per hour.
Contrary to Appellant's contention, the trial judge did not shift the burden of proof to the defense. The judgment entry, when viewed in its entirety, shows that the burden of proof remained with the State. Further, the judgment entry clearly and unequivocally establishes that the State had met its burden of proof on each element of the offense charged. Thus, the trial court correctly applied the burden of proof in the present case. For these reasons, we find that Appellant's claim is without merit.
Accordingly, Appellant's second assignment of error is overruled.
Assignment of Error No. 3
 The decision of the trial court is against the manifest weight of the evidence and [is] contrary to law.
Appellant asserts in his final assignment of error that the trial court's decision is against the manifest weight of the evidence. For the following reasons, we disagree.
In ascertaining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Daugherty (Sept. 17, 1997), Hancock App. No. 5-97-20, unreported; State v. Garrow (1995),103 Ohio App.3d 368, 370-71.
The evidence adduced at trial establishes that Officer Branson visually estimated Appellant's speed to be in excess of the lawful limit. Upon conducting the radar test, the result showed that Appellant was traveling fifty-one miles per hour in a thirty-five mile per hour speed zone. The evidence also shows that Officer Branson possesses the requisite skill and training necessary to operate the radar device correctly, and that the device was working properly at the time of the offense charged. Based upon the foregoing, we cannot say that the trial court's decision is against the manifest weight of the evidence. Accordingly, Appellant's third assignment of error is overruled.
Having found no error upon which to reverse the decision of the trial court, the same is hereby affirmed.
Judgment affirmed.
SHAW, J., concurs.
WALTERS, concurs separately.
[1] We also note that Ohio State Highway Patrol Technician James Cribbs testified that on three separate occasions he checked the accuracy and calibration of the unit.