This case is before the court on appeal from a decision of the Lyndhurst Municipal Court finding appellant, Thomas J. Kincaid, guilty of speeding and imposing a fine of $32.00 plus court costs of $45.00. Appellant asserts the following five assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN TAKING JUDICIAL NOTICE OF THE ACCURACY AND RELIABILITY OF A [sic] "GENESIS" RADAR WHEN NO EXPERT TESTIMONY WAS OFFERED BY THE PROSECUTION CONCERNING THE CONSTRUCTION OF THE "GENESIS" RADAR DEVICE OR ITS METHOD OF OPERATION AND WHERE JUDICIAL NOTICE HAD NEVER PREVIOUSLY BEEN TAKEN OF THE "GENESIS" RADAR DEVICE.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN ADMITTING TESTIMONY FROM A POLICE OFFICER REGARDING THE SPEED OF DEFENDANT'S VEHICLE BASED ON THE RADAR OBSERVATIONS MADE BY THE OFFICER WHEN THERE WAS NO TESTIMONY AS TO THE OFFICER'S QUALIFICATION TO OPERATE SUCH DEVICE.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FINDING THAT THE "GENESIS" RADAR DEVICE USED BY THE ARRESTING OFFICER WAS IN GOOD CONDITION FOR ACCURATE WORK WHEN THE EVIDENCE FAILED TO ESTABLISH THAT THE ARRESTING OFFICER WAS QUALIFIED TO OPERATE SUCH DEVICE.
 IV. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THERE WAS NO TESTIMONY AS TO WHETHER THE SPEED INDICATED ON THE RADAR DEVICE RELATED TO THE DEFENDANT'S VEHICLE.
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DETERMINING THAT THE SPEED LIMIT IN THE AREA IN WHICH THE ALLEGED SPEEDING VIOLATION TOOK PLACE WAS 60 MILES PER HOUR WHEN THAT SPEED LIMIT IS NOT AN AUTHORIZED SPEED LIMIT UNDER SECTION 330.03 OF THE CODIFIED ORDINANCES OF MAYFIELD HEIGHTS.
For the following reasons, the court finds that none of these contentions has merit and affirms the decision of the municipal court.
 STATEMENT OF FACTS AND PROCEEDINGS BELOW
On August 25, 1997, appellant was cited for speeding in the southbound express lane of Interstate 271. The ticket indicates appellant was traveling at 79 miles per hour in a 60-mile-per-hour zone, as determined by a "Genesis" radar device, in violation of Section 333.03 of the Codified Ordinances of Mayfield Heights, Ohio.
Appellant pled not guilty, and the case proceeded to trial on February 11, 1998. No request having been made by either party, the proceedings were not recorded. See Crim.R. 22. However, the trial court did settle and approve a statement of proceedings pursuant to App.R. 9 (C), which we quote here in its entirety:
 This case was heard by the Lyndhurst Municipal Court on the 11th day of February 1998. The only witness to testify for the prosecution was the arresting officer.
 The arresting officer testified that he had been employed as a City of Mayfield Heights patrolman since the summer of 1994. He had received training on K-55 radar at the Cleveland Police Academy. He was using a Genesis radar unit on the day in question. That morning, he tested the patrolcar-mounted radar unit several times during the morning of August 25, 1997, and performed calibration tests on it as trained. The tests included using tuning forks and performing an internal calibration check. Based on those tests, he testified that he concluded that the devise [sic] was in good condition for accurate work on August 25, 1997.
 The arresting officer testified that he was stationed on Interstate Highway 271 in Mayfield Heights, Cuyahoga County, Ohio on the morning of August 25, 1997 running a radar unit. The posted speed limit in the area in question was 60 m.p.h. which is the speed limit established by the Cuyahoga County Commissioners on certain sections of the interstate highway system in Cuyahoga County pursuant to Ohio Rev. Code Sec. 4511.21.
 The arresting officer testified that he observed defendant's vehicle shortly after 7:00 a.m. that morning and determined that defendant's vehicle appeared to be traveling faster than the rest of the traffic in the immediate vicinity. He aimed the radar unit at the defendant's vehicle. The radar unit emitted a high-pitched sound which was consistent with his visual observation of a speeding vehicle.
 He locked the speed in at 79 m.p.h. on the unit which was consistent with the sound, and proceeded to pursue the defendant and issued him a speeding citation.
 The defendant objected to the introduction of the testimony regarding the radar speed reading on the basis that there were not sufficient grounds for taking judicial notice of the accuracy of the radar device being used by the arresting officer. Defendant's objections were overruled by the court and the testimony was introduced into evidence on the grounds that there were sufficient grounds for taking judicial notice of the accuracy of the radar unit. No other evidence was produced regarding the speed of the vehicle driven by the defendant.
 The witness for the prosecution also testified that in the area of the Interstate Highway 271 where he had stopped the defendant on the morning of August 25, 1997 there was a posted sign which indicated that the speed limit was 60 m.p.h. There was no other testimony as to the speed limit at the location at which the defendant was observed on the morning of August 25. 1997.
 Following the testimony of the arresting officer, the prosecution rested and defendant moved for an acquittal on the basis that (i) the evidence regarding the radar speed reading should be excluded and, without the evidence, there was insufficient evidence to convict the defendant, and (ii) the speed limit on Interstate Highway 271 was not established as 60 m.p.h. Defendant's motion was denied.
 Following further oral argument on [these same issues], the defendant was found guilty and fined $32.00 plus court costs.
The court entered judgment against appellant on March 13, 1998, the day after appellant filed his notice of appeal. Hence, this appeal was timely filed under App.R. 4 (C).
 LAW AND ANALYSIS
Appellant first complains that the trial court erred by taking judicial notice of the accuracy and reliability of the "Genesis" radar device. Under Evid.R. 201 (B).
 [a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable [sic] be questioned.
The record in this case shows that the "Genesis" radar device was mounted to the arresting officer's patrol car but does not show whether it was a stationary device or a moving device. The Ohio Supreme Court has held that courts may accept the readings of all stationary radar speed meters, and may take judicial notice of the scientific principles underlying them, without resort to expert testimony to establish their construction, operation, reliability and accuracy. East Cleveland v. Ferell
(1958), 168 Ohio St. 298, 303. Judicial notice can be extended to a particular model of moving radar device if the court has received expert testimony as to the construction, operation and accuracy of that model.
However, judicial notice cannot automatically be extended to other models of moving radar devices. Moreland Hills v. Gazdak
(1988), 49 Ohio App.3d 22, 23; also see State v. Kirkland(Mar. 2, 1998), Logan App. No. 8-97-22, unreported.
Absent evidence about whether the "Genesis" radar was a moving device or a stationary device, this court cannot say whether the trial court properly could have taken judicial notice of the construction and operation of the device. Appellant has failed to provide us with a record that demonstrates the claimed error; therefore, we must presume the validity of the trial court's ruling. Rose Chevrolet, Inc. v. Adams(1988), 36 Ohio St.3d 17,19; Knapp v. Edwards Laboratories(1980), 61 Ohio St.2d 197, 199;Baker v. Cuyahoga County Court of Common Pleas(1989), 61 Ohio App.3d 59,62. Accordingly, we overrule the first assignment of error.
The second and third assignments of error contend there was no evidence that the police officer was qualified to operate the radar device. Therefore, appellant argues, the court erred by accepting the officer's testimony about the speed of appellant's vehicle and by accepting his testimony that the device was in good condition for accurate work.
Even if a court takes judicial notice of the construction and operation of a radar device, it may not accept a radar reading unless there is evidence demonstrating the accuracy of the particular unit in question and the qualifications of the operator. East Cleveland v. Ferell, supra, at 303. The evidence in the record here indicates this officer was trained on a K-55 radar device. It is not clear on the record whether this training would apply to the Genesis device; however, the officer's performance of calibration tests on the Genesis device "as trained" implies that the same training is applicable. Appellant had the opportunity to cross-examine the officer if he wished to challenge the adequacy of his training. He failed to include the relevant portions of any such cross-examination in the record; therefore, we must again presume the validity of the trial court's ruling and overrule the second and third assignments of error.
The fourth assignment of error contends the trial court erred by admitting the officer's testimony regarding the speed of appellant's vehicle when there was no testimony that the speed indicated on the radar device was the speed of appellant's vehicle. The trial court's statement of the evidence indicates that the police officer testified he aimed the radar unit at appellant's vehicle and locked the speed in at 79 m.p.h. The fourth assignment of error is therefore overruled.
Appellant's fifth assignment of error asserts that the court erred by determining that the speed limit was 60 miles per hour when a 60-mile-per-hour speed limit is not authorized under the Codified Ordinances of Mayfield Heights. The court determined that the posted speed limit of 60 miles per hour was established by the Cuyahoga County Commissioners pursuant to R.C. 4511.21. Section 333.03(k) of the Codified Ordinances of Mayfield Heights provides:
 Whenever, in accordance with this section or Ohio R.C. 4511.21, the maximum prima facie speed limitations as established herein have been altered, either higher or lower, and the appropriate signs giving notice have been erected as required, operators of motor vehicles shall be governed by the speed limitations set forth on such signs. It is prima facie unlawful for any person to exceed the speed limits posted upon such signs.
Thus, the municipal ordinances plainly prohibited operation of a motor vehicle at a speed exceeding the posted limits. Appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., MICHAEL J. CORRIGAN, J. CONCUR.
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).