DECISION
Defendant-appellant, Darrell E. Dawson, appeals from the judgment of the Franklin County Municipal Court convicting him of speeding in violation of Section 2133.03 of the Columbus Traffic Code. For the reasons that follow, we reverse.
On February 2, 1999, at approximately 5:00 p.m., Officer Danny Bolt of the Columbus Police Department was in his police cruiser at the entrance to the Eddie Bauer Warehouse on Fisher Road. Officer Bolt described traffic conditions as moderate, a little cloudy, light drizzle, and a bad day in general. Using an Ultra Light 20 Laser[1], Officer Bolt clocked appellant traveling eastbound at sixty-one m.p.h. in a forty-five m.p.h. zone on Fisher Road.
Appellant objected to the admissibility of the testimony regarding the alleged speed of his vehicle as determined by the laser device. The trial court overruled his objection stating that it was taking judicial notice of the accuracy of the device based on a previous case before the trial court in which the trial court heard testimony from the manufacturer of the device. The trial court did not mention the name of the case.
Officer Bolt testified that, based on his training and experience, the speed at which he clocked appellant was unreasonable for the conditions present. On cross-examination, Officer Bolt testified that the closest speed limit sign posted on Fisher Road for vehicles traveling in an easterly direction was at Hilliard Rome Road, approximately one mile from where appellant was stopped.
At the close of the trial, appellant was found guilty and fined $75 plus costs. Appellant has timely appealed, assigning as error the following:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. AS A RESULT OF THIS ERROR, THE CITY WAS NOT REQUIRED, PURSUANT TO EVID. R. 702, TO LAY A PROPER FOUNDATION WITH EXPERT TESTIMONY RELATIVE TO THE CONSTRUCTION OF THE DEVICE, ITS METHOD OF OPERATION, AND ITS SCIENTIFIC RELIABILITY. ACCORDINGLY, THE SPEED OF THE APPELLANT'S VEHICLE, AN ELEMENT OF THE OFFENSE CONTAINED IN SECTION 2133.03
OF THE COLUMBUS TRAFFIC CODE, WAS NOT ESTABLISHED AND THEREFORE, SAID OFFENSE WAS NOT PROVEN BEYOND A REASONABLE DOUBT AS REQUIRED BY R.C. § 2901.05(A).
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. THE TRIAL COURT'S DECISION TO TAKE JUDICIAL NOTICE OF SAID FACTS DEPRIVED THE APPELLANT OF HIS RIGHT TO CONFRONTATION AND TO DUE PROCESS GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. THE TRIAL COURT'S DECISION TO TAKE JUDICIAL NOTICE OF SAID FACTS DEPRIVED THE APPELLANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL GUARANTEED TO HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING HIM GUILTY OF VIOLATING SECTION 2133.03 OF THE COLUMBUS TRAFFIC CODE WHEN ALL ELEMENTS OF THE OFFENSE WERE NOT PROVEN BEYOND A REASONABLE DOUBT.
Appellant's first three assignments of error are related and will be addressed together. Appellant asserts it was error for the trial court to take judicial notice of the scientific reliability of the laser device as there was nothing in the record to show that the trial court had ever received expert testimony, in any case previously before it, which would establish the device as dependable and accurate. Appellant also argues that the trial court impermissibly took judicial notice of its own proceedings in another case. By doing so, appellant contends that he was deprived of due process, a fair trial, the right to confront his accusers, and the right to cross-examine adverse witnesses.
The state responds that the scientific reliability of the laser device is the type of fact of which a court may take judicial notice pursuant to Evid.R. 201(B)(2). The state concedes that, were the trial court to have agreed to take judicial notice of the expert's testimony itself in the previous proceeding or the outcome of the previous proceeding, appellant would be correct and judicial notice would have been improper. However, the state contends that judicial notice was proper in this case because the trial court took judicial notice of the fact of the scientific accuracy of the laser device as established by expert testimony in a prior case, and the trial court did not take notice of the testimony itself nor of the court records from the prior proceeding.
We agree with the state that the scientific accuracy of a laser device is the type of fact that can be judicially noticed. The Ohio Supreme Court has held that the accuracy of a radar device is a proper subject for judicial notice. In City of EastCleveland v. Ferell (1958), 168 Ohio St. 298, 303, the Ohio Supreme Court quoted with approval a passage from a case in New York in which the New York Court of Appeals stated: "`We think the time has come when we may recognize the general reliability of the radar speed meter as a device for measuring the speed of a moving vehicle, and that it will no longer be necessary to require expert testimony in each case as to the nature, function or scientific principles underlying it.'"
Similarly, the accuracy of a laser device has also been accorded judicial recognition in unreported cases outside Franklin County. See State v. Dawson (Dec. 21, 1998), Madison App. No. CA98-04-021, unreported (the trial judge had heard expert testimony in a prior case concerning the accuracy and dependability of the LTI 20-20 laser device and accordingly could take judicial notice of this fact in the present case). However, the fact that a court has taken judicial notice in one jurisdiction cannot serve as the basis for taking judicial notice in another jurisdiction. State v. Doles (1980), 70 Ohio App.2d 35,38.
Evid.R. 201(B) provides:
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be calculated.
In Doles, this court was confronted with the issue of whether, in the absence of expert testimony, a court could judicially notice that the K-55 radar unit was a scientifically reliable device for measuring the speed of a vehicle. In reversing the defendant's conviction for speeding, this court held that: (1) in order for judicial notice to be taken, the fact must be one of common knowledge throughout the jurisdiction of the court; and (2) where there is no testimony as to the construction and method of operation of a speed measuring device not the subject of judicial notice, the testimony of the user that he operated the device as instructed is insufficient to sustain a conviction of speeding.
Some courts have construed Evid.R. 201(B) to mean that, if a trial court hears expert testimony on the reliability of a laser device, the trial court can then take judicial notice of the reliability of that device in any future proceedings. Dawson,supra. Here, the record indicates that the trial court had, in a case previously before it, received expert testimony and determined that the device is dependable and accurate. However, that case remains unidentified. Based on this court's holding inDoles, and in the absence of expert testimony, the absence of any reported cases from this jurisdiction, or reported or unreported cases from this court concerning the dependability of the Ultra Light 20 Laser, the dependability of such device is not of common knowledge within this jurisdiction and cannot be the subject of judicial notice. Doles, supra, at 38. Accord State v. Farris
(Mar. 26, 1985), Franklin App. No. 83AP-1214, unreported. Cf.State v. Ayesh (1985), 24 Ohio App.3d 73, 74 ("the scientific reliability of K-55 radar has been authoritatively settled in the Twelfth Appellate District and is, therefore, a proper subject of judicial notice"). Establishing for future cases the reliability of a particular laser device may be accomplished by means of a reported municipal court decision, as was done with radar in Akronv. Gray (1979), 60 Ohio Misc. 68, or by a reported or unreported case from this court, as was discussed in Doles, supra, at 38, or by the Ohio Supreme Court, as was done in City of East Cleveland.
The first assignment of error is, therefore, well-taken and sustained.
In response to appellant's fourth assignment of error, the city argues that, even if judicial notice were improper, the evidence showed that appellant's speed was unreasonable for the road conditions. The city overlooks, however, Officer Bolt's testimony that, based on his training and experience, the speed atwhich he clocked appellant was unreasonable for the conditions present. Thus, Officer Bolt's testimony that appellant's speed was unreasonable for the road conditions was based on inadmissible evidence as discussed above. The fourth assignment of error is well-taken and is sustained.
Having sustained appellant's first and fourth assignments of error, the remaining assignments of error are rendered moot, and the judgment of the Franklin County Municipal Court is reversed.
Judgment reversed.
BRYANT, J., and BOWMAN, P.J., concur.
[1] Although Officer Bolt referred to the laser device as the Ultra Light 20 Laser, the parties consistently refer to the device as the LTI 20-20.