OPINION *Page 2 
{¶ 1} The defendant-appellant, Michael A. Helke, pro se, appeals the judgment of the Bellefontaine Municipal Court finding him guilty of speeding and ordering him to pay a fine of $50 plus court costs.
 {¶ 2} On January 26, 2007 at 5:43 p.m., Sergeant Brandon Standley of the Bellefontaine Police Department was driving eastbound between the 200 and 300 blocks of West Sandusky Avenue (State Route 47) within the city limits. Standley was operating a marked patrol car and was in uniform. At the same time, Helke was operating a motor vehicle westbound on West Sandusky Avenue. Standley observed Helke's vehicle traveling "well above the 25 mile per hour posted speed limit." Standley activated his K-55 radar gun, which indicated Helke was traveling at 46-47-48 miles per hour. Standley did a U-turn, turned on the overhead lights, and initiated a traffic stop. Standley cited Helke for driving 48 miles per hour in a 25 mile per hour zone, a violation of Bellefontaine ordinance 333.03.
 {¶ 3} At his initial appearance on February 6, 2007, Helke, pro se, pled not guilty, and trial was scheduled for February 13, 2007. On the court's motion, the trial was continued to February 21, 2007. At trial, the city presented only Standley's testimony. Helke cross-examined Standley but did not put on a case in chief. The trial court found Helke guilty of speeding in violation of Bellefontaine *Page 3 
City Ordinance 333.03. The court imposed a fine of $50 and ordered the payment of court costs in the amount of $56.50. Helke appeals the judgment of the trial court, asserting two assignments of error for our review.
 First Assignment of Error The guilty verdict against Michael Helke should be reversed since there was insufficient testimony and evidence as to the proper calibration of the officer's radar equipment.
 Second Assignment of Error The guilty verdict against Michael Helke should be reversed where the trial court decision was against the manifest weight of the evidence.
 {¶ 4} In his brief, Helke has apparently combined the arguments for his assignments of error. Helke has also cited and attached to his brief evidence that was not presented to the trial court and is not part of the appellate record. Therefore, Helke's reliance upon such evidence is misplaced, and we will not consider it. App.R. 9(A).
 {¶ 5} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541. Sufficiency of the evidence is a test of adequacy, used to "`determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" Id., quoting Black's Law Dictionary (6 Ed. 1990) 1433; citing *Page 4 
Crim.R. 29(A); State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. A conviction based on insufficient evidence constitutes a denial of due process, and the defendant may not be recharged for the offense. Id. at 386-387, citing Tibbs v. Florida (1982), 457 U.S. 31, 45,102 S.Ct. 2211, 72 L.Ed.2d 652, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 6} Unlike sufficiency of the evidence, a challenge based on the manifest weight of the evidence requires the court to sit "as a `"thirteenth juror."`" Thompkins, at 387, quoting Tibbs, at 42.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
Id. at 377, quoting Black's Law Dictionary (6 Ed. 1990), at 1594. When an appellant challenges a conviction based on the weight of the evidence, the court must review the entire record, weigh the evidence and "all reasonable inferences," consider witness credibility, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. To reverse a conviction based on the manifest *Page 5 
weight of the evidence, a unanimous panel of three appellate judges must concur. State v. Michaels, 3d Dist. No. 13-99-41, 1999-Ohio-958, citingThompkins, at 389.
 {¶ 7} To prove a case of speeding based on the reading of a radar gun, the city is required to show the accuracy and reliability of the device; that the unit was in good condition for accurate work; and the operator's qualifications by training and experience to use the device.State v. Kirkland (Mar. 2, 1998), 3d Dist. No. 8-97-22, citing EastCleveland v. Ferell (1958), 168 Ohio St. 298, 303, 154 N.E.2d 630;State v. Wilcox (1974), 40 Ohio App.2d 380, 386, 319 N.E.2d 615.
 {¶ 8} On the first prong of the test, this Court has held that expert testimony is not required to establish the reliability of a moving radar device. Kirkland. Instead, once a trial court has heard expert testimony on the issue, it may take judicial notice of the radar's reliability in subsequent cases. Id., citing State v. Colby (1984), 14 Ohio App.3d 291,470 N.E.2d 924; Moreland Hills v. Gazdak (1988), 49 Ohio App.3d 22,550 N.E.2d 203; State v. Doles (1980), 70 Ohio App.2d 35, 38,433 N.E.2d 1290; Wilcox, at 384. In this case, the trial court took judicial notice of the accuracy and reliability of the K-55 radar, indicating that it had previously heard expert testimony, which was subject to cross-examination, of the "underpinnings and the limitations of that radar." (Trial Tr., May 14, 2007, at 20). *Page 6 
 {¶ 9} We elect to resolve any issues concerning the second and third elements out of order. The third element the city must prove is that the operator of the radar was qualified by training and experience to use the device. On this issue, Standley testified as follows during direct examination:
 Q: Are you certified to operate that piece of equipment [K-55 radar]?
 A: I am.
 Q: Where did you receive that certification?
 A: Locally and at the State Highway Patrol.
(Trial Tr., at 4:11-15). Several appellate districts across the state have held that a failure to submit a certificate or a description of the radar operator's training is insufficient to prove he or she was qualified to use it. Cleveland v. English, 8th Dist. No. 84945, 2005-Ohio-1662; New Middletown v. Yeager, 7th
Dist. No. 03 MA 104, 2004-Ohio-1549; State v. Brown, 9th
Dist. No. 02CA0034-M, 2002-Ohio-6463. Without more, Standley's testimony concerning his qualifications is insufficient to uphold a conviction for speeding based solely on the reading of a K-55 radar device. Because the city did not show Standley's qualifications and experience, any evidence concerning the radar device's readout should have been excluded.
 {¶ 10} However, we note that Standley also testified that prior to activating the radar gun, he observed Helke's car traveling "well above the posted 25 mile per hour speed limit." (Trial Tr., at 4). While some courts allow such evidence *Page 7 
alone to support a speeding conviction, this Court has held to the contrary. See State v. Westerbeck (Jun. 19, 1987), 3d Dist. No. 17-86-18 (officer's testimony was "too vague and indefinite" to support speeding conviction after radar device readout had been excluded).
 {¶ 11} Other appellate courts have affirmed speeding convictions where the readout from the radar device had been excluded, but even in those cases, the officer was required to opine how fast the offender's vehicle was traveling and/or produce in depth testimony concerning the officer's training and expertise. See State v. Napier (Jul. 30, 2001), 5th Dist. No. 2001CA00035; Kirtland Hills v. Logan,21 Ohio App.3d 67, 486 N.E.2d 231. Even if we were to accept such propositions, in this case, the city failed to produce testimony concerning Standley's experience, and Standley did not testify that he had ascertained Helke's speed via any method other than through the radar readout. Accordingly, we find the evidence insufficient to support a conviction for speeding. The first assignment of error is sustained, and the second assignment of error is rendered moot. *Page 8 
 {¶ 12} The judgment of the Bellefontaine Municipal Court is reversed and remanded.
Judgment reversed and remanded.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1