[Cite as *Fostoria v. Flinders*, 2020-Ohio-4263.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

CITY OF FOSTORIA,

    PLAINTIFF-APPELLEE,               CASE NO.  13-20-02

    v.

CARL W. FLINDERS,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB 1901031

Judgment Affirmed

Date of Decision:  August 31, 2020

APPEARANCES:

    *Cindy Wolph* for Appellant

    *Charles R. Hall, Jr.* for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant, Carl W. Flinders ("Flinders"), brings this appeal from the December 10, 2019 judgment of the Tiffin-Fostoria Municipal Court ordering Flinders to pay a $50 fine after Flinders entered a plea of no contest to, and was convicted of, a violation of Fostoria Codified Ordinance 1107.02(A)(1), a minor misdemeanor. On appeal, Flinders argues that there was insufficient evidence presented to convict him, that the trial court erred by denying Flinders' motion for a continuance of a pretrial hearing, that the trial court erred when it issued a bench warrant for Flinders' failure to appear at a pretrial hearing, and that the trial court committed judicial misconduct.

*Background*

{¶2} On September 19, 2019, Flinders was charged with a violation of Fostoria Codified Ordinance Section 1107.02(a)(1), a minor misdemeanor. The cited provision reads as follows:

**(a)  Zoning Certificate Required.**

**(1)  No building or structure[1] shall be erected, constructed, enlarged, converted, moved, added to, or altered[2]; nor shall any building, structure, or land be established or changed in use without a certificate there for [sic] issued by the Zoning Inspector in conformity with the provisions of this Zoning Code.**

---

[1] For reference, in the "Definitions" section of the zoning portion of Fostoria Codified Ordinances, 1106.01(144), "Structure" is defined to "include buildings, manufactured homes, walls, *fences*, swimming pools, signs, and the like." (Emphasis added.) "Structure" is also defined as anything constructed or erected, the use of which requires a location on the ground or an attachment to a fixed location in the ground.

[2] Fostoria Codified Ordinance 1106.01(11) defines "Alteration" as "*any* change, addition or modification in construction, occupancy or use." (Emphasis added.)

The complaint alleged that Flinders was attempting to construct a fence on his property without a permit to construct it, despite being advised that he needed a permit.  The complaint further alleged that Flinders had told the zoning inspector that he did not need a permit.

{¶3} On October 15, 2019, Flinders was arraigned and he appeared with his attorney.  Flinders was informed of the minimum and maximum possible penalties for the minor misdemeanor he was charged with and he entered a plea of not guilty.  A trial was ordered to be set within thirty days.

{¶4} On October 22, 2019, Flinders' attorney filed a "Motion for Leave to Submit Answer to Complaint, Affirmative Defense, and Counterclaim One Day Late."  The referenced "Answer" was filed that same day.  The "Answer" treated the "Complaint" against Flinders essentially as though it was a civil matter.  The "Answer" stated that "The Complaint is presented in one rather lengthy paragraph" so Flinders responded to individual sentences within that paragraph as if they had been numbered statements/paragraphs. (Doc. No. 9).  Flinders' "Answer" then went through each sentence of the Complaint individually, admitting or denying the statements therein.  For example, sentence three of the criminal complaint read "Our office had not received an application for a permit to construct a fence at that location."  Flinders' response in his "Answer" was, "Defendant admits he had/has not submitted any application for a permit to construct a fence at that location." (*Id.*)

{¶5} After responding to each sentence in the Complaint, Flinders asserted "affirmative defenses." He argued that his neighbors were calling the zoning office due to prior animosity. Flinders also alleged that there was already a fence on his property previously and he was simply replacing it, not constructing a brand new fence. The trial court set the matter for a hearing on the filings of Flinders' attorney on November 7, 2019.

{¶6} On November 4, 2019, Flinders' attorney filed a handwritten "Motion to Reschedule Hearing." The motion stated that the attorney was currently in the ICU at the Toledo Hospital where she had been a patient since November 2, 2019, and it was unknown when she would be discharged. The attorney requested leave to reschedule once she knew her discharge date, indicating she would contact the court when that occurred. (Doc. No. 11). The trial court summarily denied the motion to reschedule on November 5, 2019.

{¶7} Flinders did not appear for the November 7, 2019 hearing, so a bench warrant was issued for his failure to appear.

{¶8} On November 27, 2019, Flinders' attorney filed another "Answer to Complaint, Affirmative Defense, *and* Memorandum in Support."[3] (Emphasis sic.) (Doc. No. 14). Similar to his prior "Answer," Flinders treated the matter as though it was civil, responding to each sentence individually. In this new "Answer," he

---

[3] It is unclear at what point prior to this the attorney was released from the hospital as this was the next relevant filing in the record.

provided exhibits with pictures showing that there had been a fence on the property previously and that the fence was almost complete when he was cited for erecting/replacing the fence. Flinders contended that he was not in violation of the city ordinance because the codified ordinance did not specifically include *replacing* a fence in the list of things that required a permit.

{¶9} Another hearing was held on December 10, 2019. At the beginning of the hearing, the trial court addressed Flinders and explained that Flinders did not come for his pretrial/plea hearing so a bench warrant was issued for him. The trial court then addressed Flinders' attorney, asking if she was licensed in the State of Ohio, and she indicated she was. The trial court then stated that the matter was a criminal proceeding not civil, so the trial court was "curious about some of your pleadings here" because they did not "make a lot of sense." (Dec. 10, 2019, Tr. at 3). The trial court asked Flinders' attorney how Flinders wished to plead, and she stated that Flinders wanted to enter a plea of no contest.

{¶10} The trial court addressed Flinders, asking if he understood that "by entering a plea of no contest, you're admitting the truth of the facts as alleged on the face of the ticket or the complaint?" (*Id*. at 4). Flinders responded in the affirmative. Flinders also indicated he was aware of the minimum and maximum possible penalties.

{¶11} The trial court then had a discussion with Flinders' attorney about her filings in this case, and about her absence at the prior hearing. Flinders' attorney emphasized that she was in the ICU, but the trial court stated she probably needed to pass on the case if she was incapacitated, or, in the alternative, had someone cover for her. The trial court stated it did not want to "ever see some filings like this again[.]" (*Id*. at 7).

{¶12} The trial court then asked if Flinders' attorney wanted to say anything about the facts. Flinders' attorney stated she had reviewed "a ton of stuff" and she thought "replacement" was not included in the Fostoria Codified Ordinance related to zoning. (Dec. 10, 2019, Tr. at 8). She claimed she also looked into the State Board of Building Codes and "replace" was absent. (*Id*.) She felt the absence of "replace" in those areas was significant. (*Id*.) Flinders' attorney then argued that Flinders had a fence on his property previously and he was simply replacing it. When the neighbors made claims that a fence was never on the property, Flinders had pictures from a prior realtor in 2012 showing that a fence was present and that Flinders was replacing the same fence in the same fence line. (*Id*. at 9).

{¶13} After the argument of Flinders' attorney, the trial court proceeded to read some of the things that were included in the record regarding Flinders' fence construction and his lack of a permit. When Flinders' attorney challenged some of the issues presented by the trial court, the trial court asked why her client was

entering a "no contest" plea if he was challenging the facts. She responded that "We were advised that this was a frivolous thing and we just needed to do for judicial efficiency[.]" (*Id*. at 10).

{¶14} The trial court responded, "I don't know. If I was in handcuffs, I don't think it would be frivolous." (*Id*. at 11).

{¶15} Flinders then requested to make a statement, which he did, and a conversation ensued afterward, reading as follows.

> **[FLINDERS]: Last year, in 2018, I put up the east side and the north side of the fence. That's when the first falls – calls come in [from the neighbors]. I came up and seen [zoning inspector] and I explained to him what I was doing. And I put the other half up this year because it was a monetary issue. I'm on disability. He said, no problem. I heard nothing more out of it. Okay. Then I'm out, I stopped in here when I paid my water bill and I say, I said, I'm going to let you know I'm going to finish that fence. He said, you need a permit. I said, why do I need a permit this year? Can I say what he said?**
>
> **THE COURT: Well, it's supposed to be within a 12-month period of time that you get the fence erected.**
>
> **MR. FLINDERS: Well, I was within 12 months.**
>
> **THE COURT: So if you're going – I don't know, he's back there shaking his head.**
>
> **MR. FLINDERS: It was, it was this fall. It was last fall to this fall.**
>
> **THE COURT: Yeah, it wasn't fall yesterday. Okay.**
>
> **MR. FLINDERS: I put it up last fall.**

**THE COURT:  Was it within 12 months.**

**MR. FLINDERS.  Yes, it was.**

**THE COURT:  Was it?**

**MR. FLINDERS:  Yes.**

**THE COURT:  I'm looking at him. No.**

**[Zoning Inspector]:  No.**

**THE COURT:  He says no.**

(Tr. at 11-12).

{¶16} Following this dialogue, the trial court stated, "Based upon my review of the reports, the statements in open court, and your plea of no contest, there will be a finding of guilty." (*Id*. at 12-13).  The trial court asked for the prosecutor's recommendation, and the prosecutor indicated that this entire case was over a $25 permit, then recommended a $50 fine.  Flinders and his attorney had nothing to say regarding punishment and a $50 fine was imposed.  A judgment entry memorializing Flinders' sentence was filed that same day.  It is from this judgment that he appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred in convicting appellant when there was insufficient evidence to prove beyond a reasonable doubt that he violated the charge of which he was found guilty, "Failure to Obtain a Zoning Certificate."  The prosecutor presented no evidence to justify or explain why appellant was required to obtain the permit he was convicted for not having obtained.**

**Assignment of Error No. 2**
**The court abused its discretion when it denied attorney's motion for good cause, which was faxed from the ICU, and requested the hearing be rescheduled.**

**Assignment of Error No. 3**
**The trial court erred when it subsequently issued a warrant on appellant for failing to appear by himself while attorney was hospitalized after the motion was denied.**

**Assignment of Error No. 4**
**The trial court erred by committing judicial misconduct in violation of Jud. Cond. Rules 1.2, Promoting Confidence in the Judiciary; 2.2 Impartiality and Fairness; 2.3, Bias, Prejudice, and Harassment (B); and 2.6, Ensuring the Right to Be Heard (A).**

{¶17} We elect to address some of the assignments of error together, and out of the order in which they were raised.

*First Assignment of Error*

{¶18} In Flinders' first assignment of error he argues that there was insufficient evidence presented to convict him. He argues that the prosecution did not establish through any explanation of circumstances that the Fostoria Codified Ordinances, specifically the zoning section, actually required him to have a permit to build a fence.

{¶19} Importantly, Flinders entered a no contest plea to, and was convicted of, a minor misdemeanor. Pursuant to R.C. 2937.07, "If the offense to which the accused is entering a plea of 'no contest' is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the

offense, and the judge or magistrate may base a finding *on the facts alleged in the complaint.*" (Emphasis added.); *accord City of Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, ¶ 13 ("The statute further provides that no explanation of circumstances is required for a plea of no contest to a minor misdemeanor.") Thus, in this case, the trial court needed to look no further than the face of the complaint, which stated that "on or about September 13, 2019 [Flinders] did unlawfully erect, construct, enlarge, convert, move, add to, or alter a structure without a certificate issued by the Zoning Inspector and in conformity with the Zoning Code." (Doc. No. 1). This establishes the essential elements of a violation of Fostoria Codified Ordinance 1107.02(a)(1).

{¶20} Even if the trial court did need to look beyond the face of the complaint in this matter, the definitions in the zoning section of the Fostoria Codified Ordinances establish that "structures" include fences and that "alterations" would encompass *any* changes. *See* Fostoria Codified Ordinance 1106.01(144); 1106.01(11). Therefore even though "replace" was not explicitly listed under 1107.02(a)(1), making any changes to a fence would readily fall within the ambit of the ordinances by the definitions given and would require a permit. Notwithstanding this point, Flinders admitted at his plea hearing that he did not get a permit to build his fence. For all of these reasons we cannot find that there was

insufficient evidence presented to convict Flinders.  Therefore, his first assignment of error is overruled.

*Fourth Assignment of Error*

**{¶21}** In Flinders' fourth assignment of error, he argues that the trial judge violated various codes of judicial conduct.  However, The Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio has exclusive jurisdiction over the alleged misconduct of judges.  *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-53, 2016-Ohio-5264, ¶ 31, citing *Brown v. Weidner*, 3d Dist. Seneca No. 13-06-08, 2016-Ohio-6852, ¶¶ 17-18.  Therefore the proper method to raise such allegations is by a grievance filed before the Board, not in a brief filed before this Court.[4]  *Barton* at ¶ 31, citing *Madison Cty. Bd. Of Commrs. V. Bell,* 12th Dist. Madison No. CA2005–09–036, 2007–Ohio–1373, ¶ 15.  For these reasons Flinders' fourth assignment of error is overruled.

*Second and Third Assignments of Error*

**{¶22}** In Flinders' second assignment of error, he argues that the trial court erred by denying his motion for a continuance.  In his third assignment of error, he argues that the trial court erred when it issued a bench warrant for Flinders' failure to appear at the November 7, 2019 hearing.

---

[4] In suggesting the proper venue for these claims to be filed we are making no comment on their validity. Moreover, we note that Flinders makes numerous claims that are outside of the record on appeal regarding judicial statements and statements made by the prosecutor, and we would not be able to consider them in any event.

Standard of Review

{¶23} The grant or denial of a continuance is within the sound discretion of the trial judge and we will not reverse a determination regarding a continuance absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 68 (1981). An abuse of discretion is a decision that is arbitrary, capricious, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶24} The Supreme Court of Ohio has created a list of factors to be considered in evaluating a motion for continuance, which includes: the length of delay requested, whether other continuances have been requested and received; inconvenience to litigants, witnesses, and the trial court; whether the delay is for legitimate reasons or dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances giving rise to the request, and any other relevant factors. *Unger*, *supra*, at 68.

Analysis

{¶25} In this case, after arraignment on October 15, 2019, a pretrial/potential change-of-plea hearing was scheduled for November 7, 2019.

{¶26} On October 22, 2019, Flinders' attorney filed a fifteen page "Answer to Complaint, Affirmative Defense, and Counterclaim" to the criminal complaint. The trial court made a note to set the matter for a hearing on Flinders' filing, and the matter was assigned for a hearing at the same time the hearing was previously

-12-

scheduled: November 7, 2019. The hearing was "Re: Documents filed by Def Atty." (Doc. No. 10).

{¶27} On November 4, 2019, Flinders' attorney filed a handwritten "Motion to Reschedule Hearing," requesting an indefinite continuance as she was in the ICU in the hospital and was uncertain when she would get out. The trial court summarily denied the motion the next day.

{¶28} The matter proceeded to the scheduled hearing on November 7, 2019. Neither Flinders nor his attorney were present for the hearing and a bench warrant was issued for Flinders due to his failure to appear.

{¶29} The next document filed in the record is a revised "Answer to Complaint, Affirmative Defense, *and* Memorandum in Support" filed November 27, 2019. Thereafter, on December 10, 2019, the matter proceeded to a change-of-plea hearing.

{¶30} Flinders now argues on appeal that it was error for the trial court to deny the motion for continuance when his attorney was in the hospital. Although the trial court summarily denied the motion for a continuance, it provided some potential explanation at the change-of-plea hearing, indicating that if Flinders' attorney was unable to represent him due to her health, she should not have taken the case. As the scheduled November 7, 2019 hearing was not a final hearing, the

trial court also suggested that Flinders' attorney could have gotten someone to cover for her.

**{¶31}** In addition to the trial court's statements, we emphasize that in Flinders' attorney's request for a continuance, she requested essentially an indefinite delay in the case for a minor misdemeanor. She did not know herself when, or presumably even if, she'd be able to represent Flinders again. Although being in the hospital is undoubtedly a fair reason to request a continuance, based on the facts and circumstances of this case we cannot find that the trial court abused its discretion in denying it.

**{¶32}** Moreover, "a defendant must show that she or he was prejudiced by the trial court's failure to grant a requested continuance." *State v. Curtis*, 7th Dist. Belmont No. 18 BE 0007, 2019-Ohio-499, ¶ 27, citing *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903. Here, after the hearing that Flinders missed, his attorney filed another "answer" to the complaint and was able to argue the issues at the December 10, 2019, hearing if she had chosen to do so, or Flinders could have proceeded to a trial on the merits. Instead, Flinders elected to plead no contest. We cannot find any prejudice here. Thus Flinders' second assignment of error is overruled.

**{¶33}** Finally, Flinders argues in his third assignment of error that the trial court erred by issuing a bench warrant for Flinders' failure to appear at the

November 7, 2019 hearing. However, there is nothing in the record excusing Flinders from the hearing and his request for a continuance was denied. Flinders did, in fact, fail to appear for the hearing. Any statement made to Flinders by his trial counsel that Flinders did not need to attend the hearing—which would be outside of our record—would not be binding upon the *trial court*. Therefore his third assignment of error is overruled.

*Conclusion*

{¶34} For the foregoing reasons the assignments of error are overruled and the judgment of the Tiffin-Fostoria Municipal Court is affirmed.

***Judgment Affirmed***

**PRESTON, J., concur.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**